WILLIAM J. McKOWN et al., Plaintiffs-Appellees, v. HAROLD L. DAVIS, Defendant-Appellant.

Third District   No. 82—687

Opinion filed September 19, 1983.—Rehearing denied October 26, 1983.

Kim Kelly and James D. Reynolds & Associates, both of Peoria, for appellant.

Robert A. Barnes, Jr., of Barnes and Barnes, of Lacon, for appellees.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This suit was brought by the plaintiffs-appellees, World Wide Travel Bureau, Inc., and William McKown, against the defendant, Harold Davis. The plaintiffs filed a complaint alleging Davis had breached an agreement with World Wide Travel Bureau to purchase three travel agencies for $240,000. The complaint alleged the terms of the agreement were memorialized in two separate documents. The first document was a purchase agreement in which Davis agreed to buy the travel agencies and pay the corporation $140,000. The second document was a personal note for $100,000 from Davis to McKown, who was

then the president of World Wide Travel Bureau and owned approximately 80% of the corporation's stock. The defendant's answer alleged the personal note from Davis to McKown was inadmissible under the parol evidence rule. The defendant also alleged payment of $145,000.87 to the corporation on the contract and requested repayment of $5,000.87 as overpayment. The plaintiffs and defendant filed motions for summary judgment which were denied, and the case proceeded to a bench trial.

At trial, McKown testified that Davis requested two separate notes so that Davis could hide the fact that the total consideration was $240,000 from his wife. Davis testified that McKown had requested the personal note because McKown had put so much of his life into the travel agencies that he wanted something out of it for himself. The parties were in agreement as to the amount of money paid on the purchase agreement and the note. It was agreed that Davis had paid $40,000 on the purchase agreement and $60,325 to McKown personally. It was disputed as to whether the corporation ever received the money paid to McKown.

The trial court found the purchase agreement was a valid, enforceable contract and that $100,000 was due and owing on it. It entered judgment for the corporation on that sum plus 6% interest, less $17,994.85 in setoffs. The court also found the personal note to McKown was a fraud on the minority shareholders of the corporation and constituted an illegal and unenforceable contract. The court also found McKown and Davis to be in *pari delicto* as to the note and held that neither was entitled to a remedy from the other. The defendant and the appellants appealed from the order entered by the trial court. We affirm in part and reverse in part.

■ The first issue raised on appeal is whether the personal note should have been admitted into evidence. The defendant argues that admitting the note violated the parol evidence rule. The parol evidence rule provides that if an instrument appears complete, certain, and unambiguous, then parol evidence of a prior or contemporaneous agreement is inadmissible to vary the terms of that instrument. (*Ireland v. Esposito* (1981), 93 Ill. App. 3d 584, 417 N.E.2d 738.) The defendant contends that because the purchase agreement did not mention the personal note, it was complete. Since the consideration in the purchase agreement was unambiguous, the defendant contends the parol evidence rule precludes the admission of the personal note. We disagree.

■ The rule of law applicable here is that where different instruments are executed at the same time between the same parties

for the same purpose and in the course of the same transaction, all the instruments must be read and construed together. To prove that the two documents constitute but one contract, parol evidence is admissible because it tends to identify what the contract is rather than to vary or change the terms of the contract. (*Sudeikis v. Chicago Transit Authority* (1980), 81 Ill. App. 3d 838, 401 N.E.2d 1114.) In the instant case the purchase agreement and personal note were executed at the same time, for the same purpose and in the course of the same transaction. There is also an identity of parties, despite the fact that the purchase agreement was payable to the corporation and the personal note was payable to McKown. McKown was the president of the corporation and owned 80% of the stock. The note was made as part of the purchase of the travel agencies and the proceeds belonged to the corporation. The fact that the president of the corporation was named as the payee rather than the corporation does not alter the fact that the parties were the same for both the purchase agreement and the note. Therefore, we find the note was properly admitted to establish the terms of the contract.

■■ Having determined the note was properly admitted, the second issue is whether the trial court erred in finding the note was illegal and that McKown and Davis were in *pari delicto*. The personal note called for payments of $100,000 to McKown, Davis had already paid $60,325 on the note and $39,675 was due. Finding the note to be a fraud on the minority stockholders, the trial court held it was illegal. Because the trial court found McKown and Davis to be in *pari delicto*, neither was able to recover from the other.

We believe the trial court erred in finding the note illegal. The note was part of the consideration to be paid for the sale of the travel agencies. The fact that it was payable to McKown does not make it illegal. While McKown's subsequent actions may have perpetrated a fraud on the corporation and, derivatively, on the minority stockholders, this does not invalidate the contract to sell the travel agencies for $240,000.

■■ To permit no remedy on the personal note would provide a windfall to Davis and work a hardship on the corporation. Davis would obtain the travel agencies for almost $40,000 less than he had promised to pay and the corporation would be deprived of that sum, which it is entitled to. Requiring Davis to pay the full purchase price neither enforces an illegal contract nor does it permit Davis to benefit at the corporation's expense. Therefore, we believe the corporation is entitled to the balance due and owing on the personal note as well as the balance owing on the purchase agreement.

The judgment of the circuit court of Peoria County is affirmed in part, reversed in part and remanded with directions to proceed in accord with the views expressed herein.

Affirmed in part, reversed in part and remanded.

BARRY and SCOTT, JJ., concur.