KERRY LUSHER, Plaintiff-Appellant, v. BECKER BROTHERS, INC., *et al.*, Defendants-Appellees.

Third District   No. 3—86—0367

Opinion filed February 2, 1987.

Timothy Bertschy and Bradford B. Ingram, both of Heyl, Royster, Voelker & Allen, of Peoria (Milton Shick, of counsel), for appellant.

Bartley, Fraser, Parkhurst & Hession, of Peoria (John C. Parkhurst, of counsel), for appellees.

JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from dismissal of count I of plaintiff-appellant Lusher's amended complaint against Becker Brothers, Inc., and Gary Kepley for tortious interference with his contractual relationships or, in the alternative, tortious interference with his prospective business advantage. The sole issue on review is whether the trial court erred in dismissing count I of Lusher's amended complaint for failure to state a cause of action.

Kerry Lusher had been employed by the Dougherty Company (Dougherty) as a sheetrock hanger during the months of August and September of 1982 and a number of years prior thereto. He was an at-will, hourly wage employee for Dougherty, working on subcontracting jobs that Dougherty obtained. Some of the previous subcontracts had been with codefendant Becker Brothers, Inc. (Becker). Lusher alleged that it was the intention of Dougherty to continue to employ Lusher, including those jobs for Becker, and that he intended to continue to be employed by Dougherty.

Lusher alleged that sometime in August or September of 1982, Dougherty was negotiating with Becker for subcontracting work which included the hanging of sheetrock and that at least part of the work would have been performed by Lusher. During negotiations, however, codefendant Gary Kepley and other agents of Becker informed Dougherty that, in order to obtain the contracts, Dougherty

should agree not to employ or associate Lusher on these projects. Lusher further alleged that the comments made by Kepley were unjustified, unreasonable, and made with the intent to harm Lusher because Lusher had married Kepley's former wife, resulting in domestic difficulties between Kepley and Lusher. Also, that Kepley's comments were unrelated to Lusher's ability to perform the work under the contract and, but for the comments, Dougherty would have employed Lusher to do at least part of the work.

Becker and Kepley filed a motion to dismiss under section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615) for failure to state a cause of action. Judge Eagleton dismissed count I of the amended complaint with prejudice, stating in his order that no case involving a similar dispute could be found in this expanding area of tort law.

■■ ■ Appellant's action stemmed from two theories, tortious interference with contractual relations and tortious interference with a prospective advantage. The standard for review is well settled. An action should not be dismissed unless it clearly appears that the facts, looked at in a light most favorable to the nonmoving party, do not support a cause of action. (*People v. Young* (1981), 96 Ill. App. 3d 634, 421 N.E.2d 968; *Samuels v. Checker Taxi Co.* (1978), 65 Ill. App. 3d 63, 382 N.E.2d 424.) Moreover, a motion to dismiss admits all facts well pleaded, together with all reasonable inferences which can be drawn from those facts for purposes of such motion. 65 Ill. App. 3d 63, 382 N.E.2d 424; *Wooded Shores Property Owners Association, Inc. v. Mathews* (1976), 37 Ill. App. 3d 334, 345 N.E.2d 186.

■■ Illinois courts generally require fact pleading. Although such pleadings are to be liberally construed with a view towards doing substantial justice between the parties (Ill. Rev. Stat. 1985, ch. 110, par. 2—603(c)), conclusions of law and fact should be disregarded by a court in determining if a cause of action exists (*Borushek v. Kincaid* (1979), 78 Ill. App. 3d 295, 397 N.E.2d 172). Thus, with Illinois law regarding the standard of review and sufficiency of complaints in mind, this court must consider whether the appellant has pleaded facts sufficient to state a cause of action in the present case.

■ The elements necessary to establish a *prima facie* cause of action for the tortious interference with a contractual relationship are: (1) the existence of a valid and enforceable contract between the plaintiff and another; (2) the defendant's awareness of this contractual relationship; (3) the defendant's intentional and unjustified inducement of a breach of the contract; (4) the subsequent breach by the other, caused by the defendant's wrongful conduct; and (5) damages.

(*J.E.L. Realtors, Inc. v. Mettille* (1982), 111 Ill. App. 3d 987, 444 N.E.2d 750; *Beldon Corp. v. Internorth, Inc.* (1980), 90 Ill. App. 3d 547, 413 N.E.2d 98.) The specific issue here is whether the appellant has satisfied the first element.

■■ Appellant argues that he was under oral contract of employment with Dougherty. Further, that oral, at-will contracts are not precluded from actions for tortious interference with a contractual relationship. We do not disagree with appellant on this point; however, appellant has not pleaded facts sufficient to establish that a valid contract between him and Dougherty was in full force and effect at the time Kepley informed Dougherty not to employ appellant on any Becker Brothers jobs. In count I of his amended complaint, appellant asserts that Dougherty intended to continue to employ him as a sheetrock hanger and he intended to continue to be so employed. Appellant's assertion of Dougherty's intention is a conclusion of fact which this court will not take into consideration. Therefore, appellant has not shown that a valid contract which would be enforceable against Dougherty existed at the time of Kepley's remarks. Illinois courts have not gone so far as to negate the need for a valid enforceable contract for an actionable claim for tortious interference with a contractual relationship. (*J.E.L. Realtors, Inc. v. Mettille* (1982), 111 Ill. App. 3d 987, 444 N.E.2d 750.) As appellant correctly asserts, *Millsaps v. Bankers Life Co.* (1976), 35 Ill. App. 3d 735, 342 N.E.2d 329, implicitly indicates that oral contracts are sufficient to state a claim for tortious interference; however, the contract must be in force and effect. (*Millsaps v. Bankers Life Co.* (1976), 35 Ill. App. 3d 735, 744-45, 342 N.E.2d 329, 336.) We find no contract in existence between Lusher and Dougherty which would be the basis for an action for tortious interference with a contractual relationship. Lusher was an at-will employee who had no enforceable contract rights against Dougherty. Therefore, this court will not confer a claim of action for tortious interference with a contract against a third party without an enforceable contract.

■■ ■ Appellant's second theory for relief is tortious interference with a prospective business advantage. The elements are: (1) plaintiff must have a reasonable expectation of entering into a valid business relationship; (2) defendant must know of the expectancy; (3) defendant must intentionally and maliciously interfere to defeat the expectancy; and (4) plaintiff must be injured. (*Audition Division, Ltd. v. Better Business Bureau* (1983), 120 Ill. App. 3d 254, 458 N.E.2d 115.) "A cause of action for tortious interference with a business relationship need not be based upon an enforceable contract which is interfered

with, but it is the interference with the relationship which creates the actionable tort." (*La Rocco v. Bakwin* (1982), 108 Ill. App. 3d 723, 731, 439 N.E. 2d 537, 543.) See also *Kemper v. Worcester* (1982), 106 Ill. App. 3d 121, 435 N.E.2d 827.

■ Appellant argues that even if the facts alleged in the amended complaint do not establish the existence of a contractual relationship, they certainly establish a business relationship. The facts alleged by appellant do clearly establish that he was employed previously by Dougherty, but appellant's statement that Dougherty intended to continue to employ him is a conclusion of fact which this court will not take into consideration. Further, regardless of whether the appellees acted maliciously or intentionally in requiring Dougherty not to employ appellant, we are of the opinion that appellant did not have a reasonable expectation of being hired to do work on appellees' jobs. As Judge Eagleton correctly indicated, to our knowledge there is no authority which presents a similar dispute between a subcontractor's employee and a general contractor which expands the tortious interference actions to this type of situation. Regardless of the lack of precedent, we are of the opinion that Lusher had no reasonable expectation to be hired to work on subcontracting jobs for Becker. Lusher may have had an expectation to be hired as an employee of Dougherty, but it cannot be reasonably said that he had an expectation to work on Becker jobs as long as Kepley was in an influential position.

The cases cited by appellant are unpersuasive because of the uniqueness of the situation. Here, the party charged with tortious interference is also the party for whom the work is to be performed. Certainly that party ought to have a say as to who will be doing the work.

The decision of the trial court is affirmed.

Affirmed.

BARRY and STOUDER, JJ., concur.