HAVOCO OF AMERICA, LTD.,
a Delaware Corporation,
Plaintiff,

v.

FREEMAN, ATKINS & COLEMAN, LTD., Marvin G. Freeman, Barry J. Freeman, Robert S. Atkins, Robert F. Coleman, Robert C. Goldberg, Kenneth P. Ross, Kostantinos Armiros, Scott L. Fredericksen and Susan D. Padove, Defendants.

No. 93 C 0715.

United States District Court,
N.D. Illinois,
Eastern Division.

June 21, 1994.

---

Richard P. Campbell, Anthony S. DiVincenzo, Campbell & DiVincenzo, Chicago, IL, for plaintiff.

George William Spellmire, Caroline A. Mondschean, Hinshaw & Culbertson, Barry J. Freeman, Lavin & Waldon, P.C., Chicago, IL, for Marvin G. Freeman, Robert C. Goldberg, Barry J. Freeman, Kenneth P. Ross, Robert F. Coleman.

Pamela Joy Leichtling, Warren Lupel, Katz, Randall & Weinberg, Chicago, IL, for Robert S. Atkins.

George William Spellmire, Caroline A. Mondschean, Pamela Joy Leichtling, Warren Lupel, Chicago, IL, for Konstantinos Armiros.

George William Spellmire, Caroline A. Mondschean, Barry J. Freeman, Lavin & Walton, P.C., Chicago, IL, for Susan D. Padove.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

Plaintiff Havoco of America, Ltd. ("Havoco") filed this action against defendants Freeman, Atkins & Coleman, Ltd., Marvin Freeman, Barry Freeman, Robert Atkins, Robert Coleman, Robert Goldberg, Kenneth Ross, Kostantinos Armiros, Scott Fredericksen and Susan Padove alleging legal malpractice. This court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 based on diversity of citizenship. All of the defendants have filed motions for summary judgment. Havoco has also filed a cross motion for summary judgment on the issue of defendants' liability. For the reasons stated below, defendants' motions for summary judgment are granted and plaintiff's motion for summary judgment is denied.

## BACKGROUND

The following facts are undisputed by all parties. Defendant Freeman Atkins & Coleman, Ltd. was a law firm formerly doing business in Chicago, Illinois. The individual defendants were, at all relevant times, partners or associates in the firm. Up until 1988, these defendants represented Havoco in the underlying litigation entitled *Havoco of America, Ltd. v. Hilco, Inc. and Elmer C. Hill* ("Havoco 1981 litigation"), No. 81 C 419, filed in the United States District Court for the Northern District of Illinois.

Defendants filed a lawsuit in January 1981 on behalf of Havoco naming Elmer Hill, and his company, Hilco, Inc. as defendants. Defendants failed to name Sumitomo Shoji America, Inc. ("Sumitomo") as a defendant until November of 1981 when the district court granted Havoco leave to amend its complaint to add Sumitomo as a party to the action. Havoco's amended complaint included claims of conspiracy to defraud; tortious interference with contractual relations; fraud and deceit; breach of fiduciary duty; and breach of contract.[1] In July of 1988, Havoco retained new counsel. In January of 1989, Sumitomo moved for summary judgment alleging that Havoco's tort claims against Sumitomo were barred by the applicable Illinois five-year statute of limitations. On October 30, 1990, United States District Judge James Alesia granted Sumitomo's motion for summary judgment and dismissed all claims against Sumitomo except the breach of contract claim. *See Havoco of America, Ltd. v. Hilco, Inc.,* 750 F.Supp. 946 (N.D.Ill.1990), *aff'd,* 971 F.2d 1332 (7th Cir.1992).

The case proceeded to trial against defendant Hill on the tort claims and against defendant Sumitomo on the remaining breach of contract claim. The jury awarded Havoco a total of $15 million in compensatory and punitive damages against defendant Hill but found in favor of Sumitomo on the breach of contract claim.[2] In addition, the jury stated in its answer to the special interrogatories that Havoco waived its breach of contract claim against Sumitomo by acquiescing in Sumitomo's performance of its agreement with Havoco, and that Havoco suffered no damages from Sumitomo's failure to provide a revolving letter of credit.[3]

---

1. *See Memorandum In Support Of Motion For Summary Judgment,* Exhibit I.

2. *See Memorandum In Support Of Motion For Summary Judgment,* Exhibit D.

3. *See Id.* at Exhibit E.

In this malpractice action currently before the court, Havoco alleges that defendant law firm and its lawyers committed legal malpractice by failing to name Sumitomo as a party defendant in Havoco's 1981 litigation within the applicable statute of limitations period. Havoco contends that defendants' failure to timely add Sumitomo as a defendant proximately caused Havoco to suffer in excess of $20 million in damages.

## ANALYSIS

■ Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is inappropriate when there is a dispute over facts which might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In ruling on a motion for summary judgment the evidence of the non-movant must be believed, and all justifiable inferences must be drawn in the non-movant's favor. *Id.* at 253–55, 106 S.Ct. at 2513. This court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.

■ However, when a party bears the burden of proof on an issue, that party may not simply rest on its pleadings to defeat summary judgment, but must affirmatively demonstrate with specific factual allegations that a genuine issue of material fact exists and requires trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (footnote omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.*

## I. *Statute of Limitations*

■ Defendants argue that Havoco's legal malpractice claim is barred by the applicable five-year statute of limitations period because Havoco had notice of defendants' alleged negligence on May 14, 1987 when Havoco was notified about Sumitomo's answer and affirmative defense to Havoco's complaint in the Havoco 1981 litigation which asserted the statute of limitations as a defense to the tort claims filed against Sumitomo.

■ The parties do not dispute that Illinois law applies in this case. It is also undisputed by all the parties that applicable statute of limitations period for a legal malpractice case is five years from the date of discovery. *Jackson Jordan, Inc. v. Leydig, Voit & Mayer*, 158 Ill.2d 240, 633 N.E.2d 627, 630–631, 198 Ill.Dec. 786, 79–90 (1994) (citing 735 ILCS 5/13–205, Ill.Rev.Stat. ch. 110, para. 13–205). The only dispute is the date on which the limitations period commenced.

■ It is well-settled under Illinois law that the discovery rule applies to determine the commencement of the statute of limitations period in legal malpractice actions. *Jackson Jordan*, 633 N.E.2d at 630–631, 198 Ill.Dec. at 789–90 (citations omitted). "The discovery rule delays the commencement of the relevant statute of limitations until the plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully caused." *Id.*

Defendants argue that Havoco knew or reasonably should have known that it was injured, and that the injury was wrongfully caused by defendants failing to name Sumitomo as a defendant in the Havoco 1981 litigation, on May 16, 1987, at which time an attorney for the defendant law firm forwarded Sumitomo's answer and affirmative defenses to the President of Havoco.[4] Defendants argue that Havoco knew it was injured and suffered damages at the time Sumitomo asserted the statute of limitations defense because it was at that time that Havoco lost

---

**4.** Sumitomo's fifth affirmative defense asserted that Havoco's tort causes of action against Sumitomo were barred by the applicable statute of limitations.

the right to pursue a claim against Sumitomo.

The court disagrees with defendants' assessment and finds that the statute of limitations period for Havoco's legal malpractice claim commenced on October 30, 1990, the date Judge Alesia dismissed Havoco's tort claims against Sumitomo as barred by the applicable statute of limitations period. *See Havoco of America, Ltd. v. Hilco, Inc.*, 750 F.Supp. at 953 (Court held that Havoco's claims in Count I, III, IV and V were time-barred as to Sumitomo because there was no genuine issue of material fact as to Havoco's failure to add Sumitomo as a defendant within the limitations period applicable to those counts. *Id.*).

Not until Judge Alesia decided that Havoco's tort claims against Sumitomo were not filed within the applicable limitations period, did Havoco know that it had been injured. Contrary to defendants' contentions, Havoco could not have reasonably known at the time Sumitomo first asserted the affirmative defense that Havoco had been injured.

In fact, Sumitomo first moved for summary judgment on statute of limitations grounds in 1982, and that motion was denied. Therefore, up until October 30, 1990, when Judge Alesia decided that Havoco's tort claims against Sumitomo were barred by the statute of limitations, there was no reason for Havoco to believe that it had been injured by its attorneys' conduct, or that its attorneys had been negligent in any way. The court finds that the statute of limitations period for Havoco's legal malpractice claim against defendants commenced on October 30, 1990. Havoco filed this case on February 3, 1993, well within the applicable limitations period for legal malpractice claims.

## II. *Legal Malpractice—Causation and Damages*

■ The basic elements of a legal malpractice action are no different from any other negligence action under Illinois law. In a legal malpractice case, the plaintiff/client must prove: 1) an attorney/client relationship existed; 2) the duty owed to the plaintiff was breached; 3) the attorney's negligence was the proximate cause of the plaintiff's injuries; and 4) actual damages. *Nika v. Danz*, 199 Ill.App.3d 296, 556 N.E.2d 873, 882, 145 Ill.Dec. 255, 264 (1990) (citing *Sexton v. Smith*, 112 Ill.2d 187, 492 N.E.2d 1284, 97 Ill.Dec. 411 (1986)).

In order to succeed in an action for legal malpractice, "a plaintiff must prove that his/her injuries would not have occurred *but for* the defendant attorney's negligence. If the harm would have resulted irrespective of such negligence, then the negligence is not a substantial factor or cause-in-fact." *Carmel v. Clapp & Eisenberg, P.C.*, 960 F.2d 698, 703 (7th Cir.1992). "Thus, even if an attorney was negligent in not filing an action within the statute of limitations, if the client cannot establish that his case would have been meritorious, no damages are shown and no recovery can be had." *Nika*, 556 N.E.2d at 882, 145 Ill.Dec. at 264 (citations omitted).

■ In this case there is no dispute as to the existence of the first two elements; the parties had an attorney/client relationship, and defendants breached that duty by failing to file the tort claims against Sumitomo within the applicable statute of limitations period. The focus of the dispute in this case is on the remaining elements of causation and damages. If Havoco would not have been successful in the prosecution of its tort causes of actions against Sumitomo, then defendants' negligence would not have caused plaintiff any damages.

■ As in this case, when an attorney is charged with negligently failing to file an action within the applicable statute of limitations period, "the plaintiff must recreate and litigate the action which was never filed." *Nika*, 556 N.E.2d at 882, 145 Ill.Dec. at 264. The procedure for presenting evidence regarding the underlying action in a legal malpractice case is often referred to as a "case within a case," or a "trial within a trial." *See Brooks v. Brennan*, 255 Ill.App.3d 260, 625 N.E.2d 1188, 1192, 193 Ill.Dec. 67, 71 (1994) (citations omitted). The goal is to establish what the result would have been had the case been properly filed. *Nika*, 556 N.E.2d at 882, 145 Ill.Dec. at 264.

In the Havoco 1981 litigation, Havoco alleged the same facts to support both its tort

claims asserted against Sumitomo and its breach of contract claim.[5] The breach of contract claim was ultimately tried in front of a jury. In support of these claims, Havoco alleged that Sumitomo breached a financing agreement between Havoco and Sumitomo by failing to post a revolving letter of credit, thereby jeopardizing and damaging Havoco's financial viability during its negotiations with the Tennessee Valley Authority, causing Havoco to lose the Tennessee Valley coal contract. *See Havoco of America, Ltd. v. Sumitomo Corp. of America,* 971 F.2d 1332, 1337 (7th Cir.1992).[6]

The jury found in favor of Sumitomo and against Havoco on Havoco's claim for breach of contract.[7] The jury also found in a special interrogatory that Havoco waived its breach of contract claim against Sumitomo by acquiescing in Sumitomo's performance of its agreement with Havoco, and that Sumitomo's failure to provide a revolving letter of credit to Havoco did not cause Havoco to suffer any damages.[8]

The tort claims against Sumitomo that were dismissed as barred by the applicable statute of limitations included two counts of fraud; one count of tortious interference with contractual relations; and one count of breach of fiduciary duty.[9] Under Illinois law, to establish these tort claims, as well as a breach of contract claim, a plaintiff is required to prove that the defendant's conduct caused the plaintiff to suffer damages.[10]

In the Havoco 1981 litigation, however, the jury specifically found that Sumitomo's activities did not cause Havoco to suffer any damages. These same alleged activities by Sumitomo underlie both the breach of contract claim which Havoco presented to the jury, as well as the tort claims which were held to be time-barred. Therefore, as a matter of law, given the jury's findings, Havoco cannot show that but for defendants' failure to file these tort claims within the applicable statute of limitations period, plaintiff would have successfully prosecuted its tort actions against Sumitomo. The Havoco 1981 litiga-

---

**5.** *See Motion For Summary Judgment,* Exhibit A, Counts I–VII.

**6.** The sales agency agreement between Havoco and Sumitomo required Sumitomo to provide Havoco with a $5.5 million, thirty-day revolving letter of credit. *See Havoco,* 971 F.2d at 1337. Havoco would draw on this credit to pay for the coal it purchased from its suppliers. *Id.* Sumitomo failed to post a revolving letter of credit, however, instead posting a new letter of credit each month, good for that month only. *Id.* In March 1976, when Sumitomo discovered that coal shipments to one of its customers had been suspended, the letter of credit posted by Sumitomo was for only $2 million. *Id.*

**7.** *See Motion For Summary Judgment,* Exhibit Group D, at 1 for a copy of the jury's verdict form.

**8.** *See Id.* at 2 for a copy of the special interrogatories form.

**9.** *See Motion For Summary Judgment,* Exhibit A.

**10.** Under Illinois law, the four elements required to establish a breach of contract claim include: 1) a valid and enforceable contract; 2) performance of contractual duties by plaintiff; 3) breach of contractual duties by defendant; and 4) resulting damages to plaintiff. *Hickox v. Bell,* 195 Ill.App.3d 976, 552 N.E.2d 1133, 1143, 142 Ill.Dec. 392, 402, *appeal denied,* 132 Ill.2d 545,

555 N.E.2d 376, 144 Ill.Dec. 257 (1990) (citations omitted).

Under Illinois law, the five elements required to establish a claim for tortious interference with contractual relations include: "1) the existence of a valid and enforceable contract between the plaintiff and another party; 2) that the defendant was aware of the contractual relationship; 3) an intentional and unjustified inducement of a breach of the contract by the defendant; 4) the subsequent breach of the contract by the other party, caused by the defendant's inducement; and 5) damages." *Williams v. Shell Oil Co.,* 18 F.3d 396, 402 (7th Cir.1994) (citing *Lusher v. Becker Bros., Inc.,* 155 Ill.App.3d 866, 509 N.E.2d 444, 445, 108 Ill.Dec. 748, 749 (1987)).

Under Illinois law, the three elements required to establish a claim for breach of fiduciary duty include: 1) existence of a fiduciary duty; 2) breach of that duty; and 3) resulting damages to the plaintiff. *Martin v. Heinold Commodities, Inc.,* 240 Ill.App.3d 536, 608 N.E.2d 449, 454, 181 Ill.Dec. 376, 381 (1992).

Under Illinois law, the five elements of the tort of fraudulent misrepresentation include: "1) a false statement of material fact; 2) known or believed to be false by the party making it; 3) intent to induce the other party to act; 4) action by the other party in justifiable reliance on the truth of the statement; and 5) damages to the other party resulting from such reliance." *Giammanco v. Giammanco,* 253 Ill.App.3d 750, 625 N.E.2d 990, 997, 192 Ill.Dec. 835, 842 (1993) (citations omitted).

tion jury's answer to the special interrogatory clearly establishes that Havoco would not have prevailed even if these tort claims would have been timely filed. The jury found that no damages resulted from Sumitomo's failure to post the revolving letter of credit. This finding applies equally to the tort claims and the breach of contract claim.

Because Sumitomo's failure to post the revolving letter of credit caused plaintiff to suffer no damages, plaintiff would be unable to prove the required element of causation for any of its tort claims against Sumitomo just as it was unable to do so for its breach of contract claim. Therefore, defendants' motions for summary judgment are granted because, based on the undisputed material facts, plaintiff cannot establish, as a matter of law, the necessary elements of causation and damages in its legal malpractice claim against defendants.

### CONCLUSION

For the reasons stated above, defendants' motions for summary judgment are GRANTED and plaintiff's motion for summary judgment is DENIED. This case is DISMISSED in its entirety. Judgment is entered in favor of defendants.