Robert G. PAGE as Trustee pursuant to an assignment for the benefit of creditors of Case International Company and not individually, Plaintiff,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY and Liberty Mutual Insurance Company, Defendants.

No. 94 C 3122.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 23, 1994.

Franklin P. Auwarter, Kenneth Eric Noble, Lawrence K. Snider, Mayer, Brown & Platt, Chicago, IL, for plaintiff.

John Patrick McGahey, Jerry L. McDowell, James Thomas Barnes, III, Wilson, Elser, Moskowitz, Edelman & Dicker, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

This diversity action is before the Court on cross-motions for partial summary judgment which, when considered together, dispose of most of the issues raised in the pleadings. The facts are simple and uncontroverted.[1] For the reasons set forth below, plaintiff's motion for partial summary judgment is granted, and defendants' is denied.

Plaintiff is the Illinois-based trustee under a Trust Agreement and Assignment for the Benefit of Creditors ("Assignment") executed by Case International Company ("Case") dated January 19, 1994. Case (now known as CIL, Inc.) is an Illinois corporation that, prior to the Assignment, had its principal place of business within this district. Defendants are two apparently related insurance companies that provided worker's compensation and general liability insurance coverage to Case and several of its affiliates. After the Assignment, which took place in Illinois, defendants filed a joint proof of loss with plaintiff claiming "approximately $6,832,-264.00" of unpaid premiums, reduced by the proceeds of a letter of credit used to secure payment of the premiums, in an "amount not to exceed $2,584,000.00." It is unclear from the pleadings precisely how much was paid to

---

1. Plaintiff's motion for summary judgment included a "Statement of Material Facts, As To Which There Is No Genuine Issue, Entitling The Trustee [plaintiff] To Partial Summary Judgment As A Matter Of Law" ("Statement of Facts"), filed pursuant to Local Rule 12(M). Because defendants have filed no response pursuant to Local Rule 12(N), plaintiff's Statement of Facts will be regarded as uncontroverted. *Maksym v. Loesch*, 937 F.2d 1237, 1240–41 (7th Cir.1991), rehearing denied (Sep. 10, 1991); *Appley v. West*, 929 F.2d 1176, 1179 (7th Cir.1991) (per curium).

defendants pursuant to the letter of credit, but it appears that the amount owed by Case to the defendants was reduced by more than $2,000,000.00. (Complaint and Answer, Count III, ¶ 26.)

The dispute arose because defendants claimed that the premiums due were entitled to "priority status . . . under applicable state law to the extent [defendants'] claim relates to worker's compensation premiums." (Proof of Claim, Plaintiff's Exhibit D.) Neither party to this dispute has quantified the portion of the claim that defendants contend is entitled to priority status, although they both agree that it exceeds the jurisdictional amount of $50,000.00.

Defendants base their claim for priority status on three independent grounds: (a) the laws of the states of Pennsylvania, New York and Massachusetts with respect to premiums arising from worker's compensation insurance (again, the amount of such premiums is not specified); (b) the Illinois Preference of Claims for Wages Act, 770 ILCS 85/1; and (c) the United States Bankruptcy Code, 11 U.S.C. § 507(a)(4).

Because the claims filed with plaintiff were some ten times the amount of the liquidated assets ($55,000,000.00 compared to $5,500,-000.00), plaintiff has been unable to make distributions to creditors so long as defendants' claim to priority went unresolved. Thus, plaintiff filed a declaratory judgment action seeking, in Count I, a declaration that defendants' claims have no priority and should thus be treated as general unsecured claims under the Trust Agreement,[2] which provides that all such claims will be paid pro rata. Discontent to narrow the issue, plaintiff went on to allege that a portion of defendants' claim is contingent and thus not payable (Count II), that the amount of the claim should be reduced by any sums received pursuant to the letter of credit (Count III, which is uncontested by defendants both in their pleadings and in their proof of claim), that plaintiff is entitled to an accounting from defendants (Count IV, also uncontested), and

that defendants' assertion of priority has tortiously interfered with plaintiff's administration of the trust created by the Assignment and thus with the "creditor's [sic] legitimate expectancy. . . ." (Count V.)

Defendants counterclaim for a declaratory judgment on the issue of priority (Count I), and tack on a claim that plaintiff breached his fiduciary duty by retaining the same law firm that represents one of Case's major creditors (Count II). Plaintiff filed a motion for summary judgment on Count I of the complaint, and defendants filed a cross-motion for summary judgment on both Count I and Count II of the counterclaim. As noted above (at n. 1), defendants have accepted plaintiff's Statement of Facts as true, and the Court finds that the issues presented are ripe for summary disposition.

## I. Priority of Defendants' Claim

■ Defendants' principal argument for priority rests on their contention that the laws of Pennsylvania, Massachusetts and New York[3] grant such status to that portion of the workmen's compensation insurance premiums that relate to the risks insured by defendants in those states. Plaintiff does not contest defendants' description of the state statutes in question, but counters that these statutes cannot be applied extra-territorially. Specifically, plaintiff argues that because the assigned assets are located and are being administered by plaintiff in Illinois, the priority statutes of other states do not apply. Defendants reply that the McCarran–Ferguson Act, 15 U.S.C. § 1012, requires plaintiff to give effect to the statutes of Pennsylvania, Massachusetts and New York that grant priority status to workman's compensation insurance premium claims. The McCarran-Ferguson Act provides that the "business of insurance . . . shall be subject to the laws of the several states," to the exclusion of federal regulation except as set forth in the Act.

Defendants' reliance on McCarran–Ferguson begs the question of whether the statutes of the three states apply at all to the distribution by plaintiff in Illinois of assets located

---

2. There is no dispute as to the propriety of the Assignment, although defendants obliquely complain that they were not included in the negotiations that led to its execution.

3. 40 Pa.Stat. § 812; Mass.Gen.L. 152, § 52B; NY Wrk.Comp. § 130.

in this state. It is uncontested that Case, plaintiff's assignor, is an Illinois corporation that was located in Illinois, and that "[a]ll of the property that is the subject matter of this action is located, and a substantial part of the events giving rise to this action occurred, in this judicial district." (Statement of Facts, ¶¶ 2, 6.)

Thus, even if the statutes in question constitute regulation of the "business of insurance," [4] defendants would have to demonstrate that these laws may be enforced with respect to the assets in question. This defendants cannot do, for the simple reason that the three priority statutes apply only to the distributions of assets in "insolvency or bankruptcy proceedings, trustee proceedings for the administration of the states [such as in the instant case], or receiverships." [5] It is the proceedings themselves and the assets being distributed thereby to which the statutes are directed. In the instant case, those proceedings and those assets are in none of the three states on whose statutes defendants rely for priority; they are in Illinois, a state that does not grant such status to workmen's compensation premiums in such proceedings.[6] The statutes of Pennsylvania, Massachusetts and New York do not, therefore, even purport to apply to defendants' claim.

■ The McCarran–Ferguson Act does not change this result. That statute generally leaves the regulation of the "business of insurance" to the several states, free from federal regulation except in the areas specified in Section 2(b) of that Act (15 U.S.C. § 1012(b)). As noted by the Supreme Court in *Federal Trade Commission v. Travelers Health Association,* 362 U.S. 293, 300, 80

S.Ct. 717, 722, 4 L.Ed.2d 724 (1960), the McCarran–Ferguson Act was not intended to allow a state to "regulate activities carried on beyond its own borders." Defendants' argument to the contrary is without merit.

■ Defendants offer two additional, equally flawed arguments for priority. First, defendants claim that its workman's compensation premiums are granted priority status by the Illinois Wage Preference Act, 770 ILCS 85/1, which provides that in insolvency proceedings, "debts owing to laborers or servants which have occurred by reason of their labor or employment and all funds due and unpaid to the trustee for the beneficiaries of any pension or retirement plan" are to be treated as preferred claims to "be first paid in full...." Unfortunately for defendants, its premiums are not the equivalent of wages, nor are defendants the trustees of a pension or retirement plan established for Case's employees.

■ Finally, defendants claim priority under the Bankruptcy Code, 11 U.S.C. § 507(a)(4), which recognizes in the fourth rank of priority, "unsecured claims for contributions to an employee benefit plan." Defendants' lengthy and rather strained argument that this language was intended to include worker's compensation premiums [7] misses the point. The point is that Section 507(a)(4), like all parts of the Bankruptcy Code, applies only to proceedings under Chapter 7, 11, 12 or 13 of the Code. 11 U.S.C. § 103(a). The Assignment for the Benefit of Creditors at issue in this case is not such a proceeding, and thus is not covered by Section 507(a)(4).

**4.** An argument can be made that the statutes are enacted "for the purpose of regulating the business of insurance" under the McCarran–Ferguson Act, because they appear to regulate the "relationship between the insurance company [defendants] and its policyholder [plaintiff's assignor]." *U.S. Dept. of the Treasury v. Fabe,* — U.S. —, —, 113 S.Ct. 2202, 2207, 124 L.Ed.2d 449, 459 (1993). This does not advance defendants' position, however, because the instant case does not involve a question of federal preemption of the state statutes, but rather the issue of whether those statutes may be applied

extraterritorially to regulate activity in a sister state.

**5.** The quote is from the Pennsylvania statute cited in footnote 3 above. The other statutes contain similar language.

**6.** Defendants' argument to the contrary with respect to the Illinois statute is discussed below.

**7.** Plaintiff contends that at least two cases have held otherwise. *In re HLM Corp.,* 165 B.R. 38 (Bnkr.D.Minn.1994); *In re Arrow Carrier,* 154 B.R. 642 (Bnkr.D.N.J.1993).

Because the uncontested facts demonstrate that defendants' claims are not entitled to priority over other claims against the Case assets held by plaintiff, plaintiff's motion for summary judgment on Count I of the complaint is granted, and defendants' motion for summary judgment on Count I of the counterclaim is denied.

### II. Defendants' Claim of Breach of Fiduciary Duty

██ As noted above, Count II of defendants' counterclaim seeks a declaration that plaintiff breached its fiduciary duty by hiring the same law firm, Mayer, Brown & Platt, that represents a major creditor of Case, Continental Bank ("Continental"), which has asserted a $19,000,000.00 claim against the estate. Defendants claim that they were somehow harmed by the fact that this law firm negotiated with plaintiff regarding the Assignment without consulting defendants. Defendants cite no authority, other than the Black's Law Dictionary definition of a fiduciary, to support this claim. Plaintiff does not deny that he is a fiduciary who owes duties of loyalty and impartiality to Case's creditors, including defendants, but argues that Illinois case law specifically allows the trustee of an assigned estate to be a major creditor of the debtor. *Farwell v. Cohen*, 138 Ill. 216, 28 N.E. 35 (1891). Thus, plaintiff argues, the retention of an attorney who represents a major creditor is proper.

As plaintiff points out, the *Farwell* court ended up removing the attorney due to improper behavior, the failure to provide an inventory, valuation and bond in a timely manner. 28 N.E. at 27. The case, though rather ancient, illustrates the point that defendants cannot complain of a breach of fiduciary duty without alleging some act of impropriety on behalf of the fiduciary and some damage resulting from such impropriety— allegations absent from defendants' counterclaim. *Havoco of America, Ltd. v. Freeman, Atkins & Coleman, Ltd.*, 856 F.Supp. 466, 471 (N.D.Ill.1944).

██ More to the point, defendants have failed to file a Local Rule 12(M) statement in support of their motion for summary judgment on Count II of the counterclaim. The record is therefore totally inadequate at this point even to entertain defendants' motion. Failure to submit a Rule 12(M) statement "constitutes grounds for denial of the motion." N.D.Ill. Local rule 12(M). The factual statements required by this rule are not superfluous abstracts; they are intended to alert the court to the precise facts in dispute, and point to the evidence that supports the party's position. The Rule 12(M) statement is the court's "roadmap." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir.1994). The Court should not proceed with a summary judgment motion, without a Rule 12(M) statement, regardless of how readily it might be able to distill the relevant information from the record. *Id.* While parties can argue with the rule's rigor, this criticism is countered by the exigent need of the district courts to streamline procedures. *Bell, Boyd & Lloyd v. Tapy*, 896 F.2d 1101, 1103 (7th Cir.1990).

Accordingly, defendants' motion for partial summary judgment on Count II of their counterclaim is denied.

### III. Conclusion

For the reasons set forth above, plaintiff's motion for partial summary judgment on Count I of the complaint is granted, and defendants' cross-motion for summary judgment on Counts I and II of the counterclaim is denied. Upon disposition of the entire case, plaintiff is entitled to a final judgment declaring that defendants' claim is not entitled to priority status and, to the extent the claim is allowed against the trust, it is allowed only as a general, unsecured claim pursuant to Paragraph 3(f)(5) of the Trust Agreement.