**Jewel MARSHALL–MOSBY, Plaintiff–Appellant,**

v.

**CORPORATE RECEIVABLES, INC., and John Does 1–10, Defendants–Appellees.**

**No. 99–1217.**

United States Court of Appeals, Seventh Circuit.

Argued May 10, 1999.

Decided Oct. 14, 1999.

Order Granting Rehearing Dec. 21, 1999.

Daniel A. Edelman, Cathleen M. Combs (argued), Edelman, Combs & Latturner, Chicago, IL, for Plaintiff–Appellant.

David J. Chizewer (argued), Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Chicago, IL, for Defendants–Appellees.

Before BAUER, KANNE and EVANS, Circuit Judges.

KANNE, Circuit Judge.

The Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692o, (the "FDCPA") mandates that debt collectors send a written validation notice containing certain information to a consumer debtor within five days after initial communication. The notice must include the amount of the debt, the name of the creditor and a statement that, unless the debtor "disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." 15 U.S.C. § 1692g(a)(1)-(3). In addition, the notice must disclose that the debt collector, upon written request by the debtor within thirty days, will provide verification of the debt and/or provide the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a)(4)-(5). If the debtor notifies the debt collector that the debt is disputed, or requests the name and address of the original creditor, within the thirty-day period, then the debt collector "shall cease collection of the debt" until the debt collector obtains verification of the debt or the requested information is mailed to the debtor. 15 U.S.C. § 1692g(b).

On March 18, 1998, Plaintiff received a one-page form collection letter from CRI that stated in pertinent part:

* * *THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY* * *

THE ABOVE ACCOUNT HAS BEEN PLACED WITH THIS OFFICE FOR IMMEDIATE COLLECTION. IF WE DO NOT RECEIVE THE BALANCE IN FULL OR HEAR FROM YOU, WE WILL BEGIN AGGRESSIVE COLLECTION PROCEDURES TO RECOVER THIS DEBT. PROTECT YOUR CREDIT—YOUR MOST VALUABLE ASSET.

UNRESOLVED QUESTIONS REGARDING COLLECTION AGENCY LAW OR PRACTICE MAY BE SENT TO THE STATE BANKING DEPARTMENT, STATE OF ARIZONA, 2910 N. 44TH STREET STE. 310, PHOENIX, AZ 85018.

FOR EACH CHECK THAT IS RETURNED DUE TO NONSUFFICIENT FUNDS, THERE WILL BE A $15.00 SERVICE CHARGE.

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

UNLESS YOU NOTIFY THIS OFFICE WITHIN THIRTY DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE WITHIN THIRTY DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL

ʻYOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE WITHIN THIRTY DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

Plaintiff Jewel Marshall–Mosby does not dispute that the collection letter she received from Defendant Corporate Receivables, Inc. ("CRI") contained the validation notice required by the FDCPA.

On July 20, 1998, Plaintiff filed her complaint in district court against CRI and John Does 1–10 claiming that the letter violated 15 U.S.C. § 1692g under the FDCPA because language in the letter contradicts and "overshadows" the disclosures required by the FDCPA. A copy of the CRI letter was appended to the complaint as the lone exhibit. The complaint identified Defendants John Does 1–10 as unnamed officers, directors and employees of CRI personally involved in the execution of the letter. On November 6, 1998, CRI filed a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

On January 21, 1999, the district court granted CRI's motion to dismiss. It ruled that the CRI letter "does not create the confusion and contradiction that other collection letters struck down in this court have" and "even the most unsophisticated consumer would know that other options, besides immediate payment, exist." Plaintiff now appeals the district court's 12(b)(6) dismissal. For the reasons presented in the following discussion, we affirm the district court's disposition of both claims for relief.

## I. ANALYSIS

This case presents two issues on appeal: (1) whether the district court applied the wrong legal standard in deciding dismissal under Rule 12(b)(6); and, (2) assuming that the district court applied the correct legal standard, whether the district court erred in dismissing Plaintiff's claim under that standard.

We review a district court's decision to grant a motion to dismiss under Rule 12(b)(6) *de novo*, accepting the well-pleaded allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. *See Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir.1996). Dismissal under Rule 12(b)(6) is proper only where the plaintiff can prove no set of facts that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Porter*, 93 F.3d at 305.

Plaintiff does not allege that the CRI letter omits the required validation notice. Instead, Plaintiff claims that additional language in the letter contradicts and overshadows the validation notice and thus violates the FDCPA. Indeed, we have held that a violation of the FDCPA occurs when a dunning letter is confusing to the unsophisticated reader, even if the letter technically complies with the FDCPA by including the required validation notice. *See Chauncey v. JDR Recovery Corp.*, 118 F.3d 516 (7th Cir.1997); *Avila v. Rubin*, 84 F.3d 222 (7th Cir.1996); *Bartlett v. Heibl*, 128 F.3d 497 (7th Cir. 1997). Debt collectors "may not defeat the statute's purpose by making the required disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are the particular objects of the statute's solicitude." *Bartlett*, 128 F.3d at 500; *see also Russell v. Equifax A.R.S.*, 74 F.3d 30, 34–35 (2d Cir.1996); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir.1991); *Swanson v. Southern Or. Credit Serv.*, 869 F.2d 1222, 1225 (9th Cir.1988). The key consideration is "that the unsophisticated consumer is to be protected against confusion whatever form it takes." *Bartlett*, 128 F.3d at 500; *see also Gammon v. GC*

*Servs. Ltd. Partnership,* 27 F.3d 1254, 1257 (7th Cir.1994).

▪ The district court was correct in deciding that the CRI letter is not confusing to the unsophisticated consumer. First, the language of the letter does not fall into any of the three categories recognized previously as potential violations of the FDCPA. The letter does not contain an actual contradiction where language in the letter is logically inconsistent or literally contradicts the validation notice. The letter carries the validation notice and none of the letter's language indicates that the validation notice is incorrect regarding the reader's statutory rights. Moreover, the letter does not overshadow the validation notice. Overshadowing occurs when the collection letter contains the FDCPA validation notice but that information is obscured or diminished by the letter's presentation or format. *See United States v. Nat'l Financial Serv.,* 98 F.3d 131, 139 (4th Cir.1996). This is not such a case. All of the text, including the validation notice, appears in bold face and capital lettering on a single page.

There is also no apparent contradiction in the CRI letter. Although courts often focus narrowly on the inquiry whether a collection letter at issue contains a contradiction or an overshadowing, "[a] contradiction is just one means of inducing confusion; 'overshadowing' is just another." *Bartlett,* 128 F.3d at 500. In *Bartlett,* we recognized another category of FDCPA violation, termed "apparent contradiction," where the letter does not contain a literal contradiction, but explains the reader's statutory rights in a way that is confusing to the unsophisticated reader nonetheless. For example, an "apparent contradiction" exists where the letter insists on response by the debtor within thirty days, thus creating confusion regarding the thirty-day period for response disclosed in the validation notice. *See Chauncey,* 118 F.3d at 518; *Avila,* 84 F.3d at 226. Similarly, in *Johnson v. Revenue Management Corp.,* 169 F.3d 1057, 1059 (7th Cir.1999), we held that a letter which demands "prompt payment" violates the FDCPA.

In contrast, the CRI letter does not demand immediate action or payment of the debt, nor impose a time limit for reply in conflict with the FDCPA thirty-day response period. Plaintiff equates the statement that the account has been set for "immediate collection" with a demand for immediate payment. The CRI letter, however, is far afield from collection letters commanding "prompt" or "immediate" response because it does not demand payment or action by the debtor at any point. From the outset, the letter informs debtors of their statutory right to dispute the debt and withhold payment under the FDCPA explaining that "collection procedures" will begin only if "we do not receive the balance in full *or hear from you."* (Emphasis added.)

Although the letter warns of "aggressive collection procedures" and urges "[p]rotect your credit—your most valuable asset," we agree with the district court that the letter does not confuse the unsophisticated consumer or imply that the only acceptable response is immediate payment of the debt. The letter informs the debtor of options available under the FDCPA, as required, and does not create the impression that the debtor must act before the thirty-day FDCPA response period expires.

We again emphasize, however, that these categories—actual contradiction, overshadowing, apparent contradiction—are only three examples of how a collection letter might be confusing. The district court must determine whether the letter, taken in its entirety, is confusing to the unsophisticated consumer with respect to the reader's statutory rights under the FDCPA. The district court below applied the correct test in this case. The court looked to the letter, which was attached to the complaint, and decided that there was no possibility that Plaintiff could prevail on any reasonable construction of that letter. The court ruled that the CRI letter was not confusing as a matter of law. We agree.

▪ Plaintiff contends that dismissal under Rule 12(b)(6) was inappropriate because a plaintiff alleging a violation of the

FDCPA is entitled to present evidence in support of her claim. For this proposition, Plaintiff cites our decision in *Johnson,* 169 F.3d at 1060, where we reversed the district court's 12(b)(6) dismissal of an FDCPA claim. Plaintiff fundamentally misapprehends the reasoning in *Johnson.* Dismissal under 12(b)(6) was inappropriate in *Johnson* because the district court found no actual contradiction or overshadowing, then dismissed the claim. We explained again that, in analyzing dunning letters under the FDCPA, the critical question is "whether a dunning letter is confusing." *Id.* We reversed because the court did not consider generally whether the letter might have been confusing and did not recognize that the apparent contradiction in the letter there could induce a level of confusion to the unsophisticated reader that would permit the plaintiff to prevail. *Id.* In contrast, the district court here found that the CRI letter contained no contradiction, actual or apparent, and furthermore, that the letter was not confusing as a general matter. The district court applied the correct standard in dismissing under 12(b)(6).

■■■ Plaintiff cites dicta in *Johnson* stating that "[a] contention that a debt-collection notice is confusing is a recognized legal claim; no more is needed to survive a motion under 12(b)(6)." *Id.* at 1059. Regardless of that proposition, the district court's examination of the CRI letter in deciding the 12(b)(6) motion was the proper approach because Plaintiff's complaint incorporated the text of the letter and the letter was attached to the complaint as an exhibit. District courts may look to exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *See Webster v. New Lenox School Dist. No. 122,* 917 F.2d 1004, 1005 (7th Cir.1990). "A plaintiff may plead [herself] out of court by attaching documents to the complaint that indicate ... she is not entitled to judgment." *Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp.,* 179 F.3d 523, 529 (7th Cir.1999). *See also Beam v. IPCO Corp.,* 838 F.2d 242, 244 (7th Cir.1988); 5A Charles Alan Wright and Arthur Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed.1990). This is precisely the case here. The complaint—which incorporates the letter at issue—demonstrates that Plaintiff does not have a claim.

■■■ Courts can determine as a matter of law, simply by looking to the text of the letter, whether a letter that contains an apparent contradiction is confusing to the unsophisticated reader. If the letter bears an apparent contradiction, but cannot reasonably be judged confusing to the unsophisticated reader, then dismissal under 12(b)(6) is proper. This was true in the case at bar. However, if it is unclear whether a letter with an apparent contradiction is confusing, then "the judge *may* need to receive evidence" regarding the level of confusion caused by the letter. 169 F.3d at 1060 (emphasis added). *Johnson* makes this latter point.

The district court predicated the grant of dismissal under Rule 12(b)(6) on its finding that the CRI letter was not confusing as a matter of law. Since Plaintiff's complaint based all of her claims against each Defendant entirely upon the CRI letter, the grant of dismissal also applies to all of the Defendants including John Does 1–10. We will affirm 12(b)(6) dismissal with respect to each Defendant in this case.

## II. CONCLUSION

For the foregoing reasons, we AFFIRM the decisions of the district court granting Defendant's motion for dismissal under Rule 12(b)(6).

## ORDER

Dec. 21, 1999

A petition for rehearing and a petition for rehearing *en banc* was filed on October 21, 1999. The court hereby VACATES the opinion in this case on October 14, 1999, and grants the petition for rehearing. No further briefing is required.