73 F.Supp.2d 949 (1999)
Christopher BOGOSIAN, Plaintiff,
v.
BOARD OF EDUCATION OF COMMUNITY UNIT SCHOOL DISTRICT 200, David S. Fleming, Robert E. Avis, Donald Shaner, Alan Bolds, Dawn Earl, Andrew Johnson, Marcie C. Slater, Timothy Neubert, Dr. Mary M. Curley, Denie Young, Gail Goff, Clara Gould, Katherine Greenman, and Patty Woods, Defendants.
No. 99 C 3656.
United States District Court, N.D. Illinois, Eastern Division.
October 29, 1999.
*950 Mark F. Kalina, Guerard, Kalina & Butkus, Wheaton, IL, for Plaintiff.
John Alexis Relias, Anne Elizabeth Wilson, Shelli Lynn Boyer, Franczek, Sullivan, Mann, Crement, Hein, Relias, P.C., Chicago, IL, for Defendants.

*951 MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.
Christopher Bogosian taught first grade at Wiesbrook Elementary School in Wheaton, Illinois, which is administered by the Board of Education of Community School District 200 (the "Board"). He resigned in October 1998, he says, because of pressure placed upon him in connection with slanderous charges made by other teachers at the school that he inappropriately touched girl students. He avers that the Board had agreed to provide him with a letter of recommendation and remove inflammatory material pertaining to these charges from his file, but that the Board "accepted" his resignation without upholding its end of the bargain, and that the Board indeed publicized these slanderous charges in the media. In February 1999, Mr. Bogosian was "reinstated," although now as a gym teacher rather than as a first grade teacher. He sued the Board and other defendants in Illinois state court on various state law counts, then amended his complaint to include federal causes of action for violation of his constitutional due process rights under 42 U.S.C. § 1983.
The defendants removed to federal court, and now move to dismiss Mr. Bogosian's state law complaints, specifically, his claims against the teachers who reported him, Clara Gould, Gail Goff, Katherine Greenman and Patty Woods (the "teachers"), for: (1) tortious interference with contractual relations (Count III) because of failure to state a claim upon which relief can be granted and because the claim is moot in light of his reinstatement; (2) civil conspiracy to interfere with his relationship to the Board because of failure to state a claim and because the claim is moot; (3) and defamation (Counts V-VIII) for reporting him because the statements are protected by several absolute and qualified privileges and because they fail to state a claim in defamation because they are concededly substantially true; and finally (4) to dismiss Mr. Bogosian's request for declaratory and injunctive relief (Count IX) as moot in view of his reinstatement and as barred by failure to exhaust his administrative remedies.

I.
A motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P 12(b)(6) is not to be granted unless the face of the plaintiff's pleadings show beyond doubt that he cannot prove any set of facts that would entitle him to relief. See Int'l Marketing, Ltd. v. Archer-Daniels-Midland Co., Inc., 192 F.3d 724, 728-29 (7th Cir.1999); Marshall-Mosby v. Corporate Receivables, Inc., 194 F.3d 830, 833 (7th Cir.1999) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). On a motion to dismiss I read a complaint liberally and "accept as true the well pleaded allegations of the complaint and the inferences that may be reasonably drawn from those allegations." Sapperstein v. Hager, 188 F.3d 852 (7th Cir.1999) (internal citations omitted). "The issue is not whether a plaintiff will ultimately prevail but whether he is entitled to offer evidence to support the claims." Id.
First, defendants assert that Mr. Bogosian cannot establish the elements of an Illinois state tortious interference with contractual relations claim. These elements are: (1) a valid contractual relation between plaintiff and another; (2) that the defendants were aware of the relationship; (3) that the defendants intentionally and unjustifiably induced a breach of contract; and (4) damages. Williams v. Shell Oil Co., 18 F.3d 396, 401 (7th Cir.1994) (citing Lusher v. Becker Bros., Inc., 155 Ill.App.3d 866, 108 Ill.Dec. 748, 509 N.E.2d 444, 445 (1987)). However, Mr. Bogosian might well be able to establish these elements. He alleges that a valid contractual relationship existed between himself and the Board and he could introduce evidence that the teachers knew of it. The defendants do not address the causation and breach elements, but Mr. Bogosian makes *952 the appropriate allegations, which I must here accept as true.
To prove that there was an intentional and unjustifiable inducement of a breach requires that the defendants' conduct be contrary or unrelated to any outweighing interest, see Turner v. Fletcher, 302 Ill.App.3d 1051, 235 Ill.Dec. 959, 706 N.E.2d 514, 519 (1999), and Mr. Bogosian alleges that the teachers were motivated by jealousy and intolerance, which would certainly qualify as unjustifiable. The defendants object that Mr. Bogosian fails to set forth factual allegations from which it can reasonably be inferred that their conduct was unlawful. However, while pleading with that degree of factual specificity may be a requirement in Illinois state court, it is not a requirement in federal court, the forum to which defendants removed this case. Under the liberal notice pleading requirements of the federal rules, "[a]ll that's required to state a claim in a complaint filed in federal court is a short statement, in plain (that is, ordinary, nonlegalistic) English, of the legal claim." Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041 (7th Cir.1999). Mr. Bogosian has met that requirement and then some. He probably satisfied Illinois pleading requirements as well.
The defendants do not expressly argue that Mr. Bogosian cannot show damages, but their claim that his "reinstatement" moots the intentional interference cause of action implies that he has no damages, so I treat the arguments together. Even if Mr. Bogosian had been restored to his original first grade teaching position or one fully equivalent, he would have damages for the fall of 1998 and early winter of 1999, when he had been treated as having resigned his position. In any case, whether he was restored to a substantially equivalent position is an open question, and if he was not, then he has whatever damages are involved in that disparity, including the possibility of punitive damages for the intentional tort. Since I must treat well pleaded allegations as true for the purpose of a motion to dismiss, I hold for these purposes the positions of a gym teacher and a first grade teacher are not substantially equivalent. For these reasons I also reject the defendants' argument that Mr. Bogosian's civil conspiracy claim is moot.

II.
The elements of civil conspiracy are: (1) an agreement for some unlawful purpose or to use unlawful means and (2) a tortious act in furtherance of the conspiracy. Adcock v. Brakegate, Ltd., 164 Ill.2d 54, 206 Ill.Dec. 636, 645 N.E.2d 888, 894 (1994). Here the torts would be intentional interference and defamation and the conspiracy would be the agreement among the teachers to report Mr. Bogosian. The defendants argue that the teachers' statements were not tortious because they were protected by some (1) absolute or (2) qualified privilege or (3) the state Tort Immunity Act, and were in any event (4) admittedly true or (5) expressions of opinion. The arguments do double duty, also supporting the defendants' contention that Mr. Bogosian has failed to state a defamation claim. None of these arguments will hold water for either purpose.
According to the defendants, first, the teachers' statements were protected by the absolute privilege Illinois law accords to statements made to quasi-judicial bodies because the Board is a quasi-judicial body. But defendants cite no Illinois case law holding that the Board is such a body,[1] and their argument that the Board qualifies is tortured. In any case, the teacher's statements were made to the school principal, who is not a body, much less a quasijudicial *953 one. Nor do I accept the defendants' implausible idea that the statements made to the principal are protected as "necessarily preliminary" to a quasi-judicial process. See Parrillo, Weiss & Moss v. Cashion, 181 Ill.App.3d 920, 130 Ill.Dec. 522, 537 N.E.2d 851, 854 (1989). That would result in an unjustified expansion of absolute privilege, which ought to be narrowly construed. See Baravati v. Josephthal, Lyon & Ross, Inc., 28 F.3d 704, 708 (7th Cir.1994) ("An absolute privilege is strong medicine....").
Second, the teachers may indeed have a qualified privilege, but I cannot so find as a matter of law from the face of the pleadings. A qualified privilege is an affirmative defense to a defamation claim. Babb v. Minder, 806 F.2d 749, 753 (7th Cir.1986) (citing Fascian v. Bratz, 96 Ill. App.3d 367, 51 Ill.Dec. 901, 421 N.E.2d 409, 412 (1981)). While the existence of such a privilege is a question of law for the court to decide, id., I need not do so here, since "[o]nce the court decides that a qualified privilege exists, the plaintiff has the burden of showing that the defendant abused and lost the privilege by acting with actual or express malice." Id. (citing Roemer v. Zurich Ins. Co., 25 Ill.App.3d 606, 323 N.E.2d 582, 587 (1975)), and the question of whether the defendant abused the privilege is a factual issue for the jury. Id. Even if I were to hold that the teachers' statements were protected by a qualified privilege, Mr. Bogosian has pled the elements of malice which, if proven in court, would defeat the qualified privilege. Dismissal is not appropriate because there is a set of facts he might prove which would entitle him to relief.
The defendants argue, third, that the teachers' statements are protected by Section 2-201 of the Illinois Tort Immunity Act, which states that: "a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 ILCS 10/2-201. This provision is inapplicable on its face. See Harinek v. 161 N. Clark St. Limited Partnership, 181 Ill.2d 335, 230 Ill.Dec. 11, 692 N.E.2d 1177, 1181 (1998) (immunity requires act be one involving policy making and exercise of discretion). The teachers are public employees, but, as the plaintiff argues, the teachers did not act in any policy-making capacity when they reported Mr. Bogosian to the principal, since they did not thereby establish any rule about appropriate teacher-child physical contact, and moreover, even if their own story were to be credited, that they were reporting something like child abuse, their act was not discretionary. They have no discretion not to report child abuse. See 325 ILCS 5/4 ("mandated reporters" of child abuse include teachers); 89 IL ADC 300.30 (same).
Finally, a claim of defamation or false light privacy requires that the contested statements be untrue. See Suhadolnik v. City of Springfield, 184 Ill.App.3d 155, 133 Ill.Dec. 29, 540 N.E.2d 895, 913 (1989) (defamation); Kolegas v. Heftel Broadcasting Corp., 154 Ill.2d 1, 180 Ill.Dec. 307, 607 N.E.2d 201, 209 (1992) (false light privacy). Defendants argue that the teachers' statements were not tortious because they were admittedly true or mere expressions of opinion and so neither true nor false.[2] The claim that the teacher's description of Mr. Bogosian's physical movements  that he hugged and kissed students and so forth  is an "expression of opinion," and so neither true nor false, is, of course, ridiculous. A description of observable physical behavior is the epitome of an empirical statement capable of valuation as *954 true or false. See generally Ernest Nagel, The Structure of Science (1960). The claim that Mr. Bogosian admits the truth of the teacher's reports is incorrect because plaintiff denies the truth of many of the important statements made by each of the teachers (see Memorandum in Opposition to Defendant's Motion to Dismiss, at 7-9). The defendants' assertion that Mr. Bogosian admits the "gist" of the teachers' reports is not enough in a motion to dismiss, and it is not true, in any event, that Mr. Bogosian admits even so much here.
The defendants contend that Mr. Bogosian's request for declaratory and injunctive relief is moot because he was "reinstated," although not to his previous position. This claim was decided in state court before the removal of the case and Mr. Bogosian correctly argues that it is the law of the case. Rekhi v. Wildwood Indus., Inc., 61 F.3d 1313, 1317-1318 (7th. Cir.1995) (citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)) (Where "state court suit [is] removed or otherwise transferred to federal court, the doctrine of law of the case appl[ies, rather than collateral estoppel], for it would be the same suit, albeit in different courts."). Defendants assert that this doctrine does not apply because they here respond to an amended complaint. Unsurprisingly, they cite no case law to support this novel proposition. Even if the law of the case had not determined the matter, I have stated above in the different context of damages that the issue remains live because Mr. Bogosian may not have been assigned to a substantially equivalent position.

III.
Finally, the defendants argue that Mr. Bogosian's claim for declaratory and injunctive relief should be dismissed because he failed to exhaust his administrative remedies by exhausting the grievance procedures specified in the governing collective bargaining agreement (the "CBA"). Mr. Bogosian asserts that he is not alleging any violations of the CBA, but one may not evade administrative exhaustion requirements by switching the labels on one's causes of action. Here, however, the Board does not persuade me that Mr. Bogosian has done this. It argues that two sections of the CBA are applicable: Section 10.6 (relating to reassignment of a teacher upon return from a leave of absence) or Section 5.3 (explaining when teachers may refuse reassignment to an involuntary transfer). Section 5.3 is clearly inapplicable, as Mr. Bogosian had resigned and was not on a leave of absence. Section 10.6 is not applicable because Mr. Bogosian was not reassigned but rehired and simply assigned. That, no doubt, is why Mr. Bogosian plausibly thinks he has no complaint to grieve under the CBA.
The Board's motion to dismiss Mr. Bogosian's Counts III-IX for failure to state a claim, as moot, or as barred by failure to exhaust his administrative remedies is DENIED.
NOTES
[1] The Board cites a case according an absolute privilege to testimony before the trial committee of a Board of Education which was acting in a judicial or quasi-judicial capacity. McCutcheon v. Moran, 99 Ill.App.3d 421, 54 Ill.Dec. 913, 425 N.E.2d 1130, 1133 (1981), but that is not to the point here, since the teachers did not testify before a Board trial committee.
[2] I must remark that debate about admissibility of evidence is not in place at the stage of a motion of dismiss, where I assume that all well-pleaded facts in the plaintiff's complaint are true and draw all reasonable inferences in the plaintiff's favor. A lawyer who attempts to argue a motion in limine at the motion to dismiss stage wastes his client's time and money and his own limited space in the brief.